1  **EISENBERG RAIZMAN THURSTON & WONG LLP**
2  David H. Raizman (SBN 129407)
   Christopher F. Wong (SBN 142507)
3  Elena S. Min (SBN 235065)
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California 90024
5  Telephone: (310) 445-4400
   Facsimile: (310) 445-4410
6  Email: draizman@ertwllp.com
7          cwong@ertwllp.com
           emin@ertwllp.com
8
9  Attorneys for Defendant
10 Anschutz Entertainment Group, Inc.

11              **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13                                    Case No. **CV10  4639  R   (MANx)**

14 GILBERT SALINAS,
                                      **NOTICE OF REMOVAL OF STATE**
15         Plaintiff,                 **COURT ACTION UNDER 28 U.S.C.**
                                      **§§ 1331, 1441(B) AND 1446 BY**
16     vs.                            **DEFENDANT**

17 ANSCHUTZ ENTERTAINMENT             [Los Angeles Superior Court, Compton
   GROUP, INC., A Colorado Corporation, Courthouse Case No. TC024249]
18 and DOES 1 through 100, inclusive,
19
20         Defendants.
21
22         TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO
23 PLAINTIFF AND HIS ATTORNEYS OF RECORD:
24         PLEASE TAKE NOTICE that defendant Anschutz Entertainment Group, Inc.
25 ("Defendant") hereby invokes this Court's jurisdiction and removes the state court
26 action described below from the Superior Court of the State of California for the
27 County of Los Angeles to the United States District Court for the Central District of
28

1  California.

2      1.     This Notice of Removal is filed pursuant to, and this Court has

3  jurisdiction by virtue of, the provisions of 28 U.S.C. §§ 1331, 1369, 1441(b) and

4  1446.

5      2.     On May 12, 2010, plaintiff Gilbert Salinas ("Plaintiff") commenced an

6  action in the Superior Court of the State of California for the County of Los

7  Angeles, Compton Courthouse entitled *Gilbert Salinas v. Anschutz Entertainment*

8  *Group, Inc, A Colorado Corporation, and Does 1 through 100, inclusive,* Los

9  Angeles Superior Court, Compton Courthouse Case No. TC024249 (the "State

10  Court Action").

11      3.     Defendant was served in the State Court Action on May 24, 2010,

12  including with a copy of the Summons, Complaint and related documents (the

13  "Complaint"). A true and correct copy of the Complaint is attached as Exhibit A to

14  this Notice.

15      4.     On June 22, 2010, Defendant filed its Answer to Plaintiff's Complaint

16  (the "Answer"). A true and correct copy of the Answer is attached as Exhibit B to

17  this Notice. To Defendant's knowledge, the documents attached as Exhibits A and

18  B to this Notice are the only pleadings that have been served on Defendant or filed

19  by Defendant to date in the State Court Action.

20      5.     This is a civil action over which this Court has original subject matter

21  jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1369, and is one which may be

22  removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that

23  original jurisdiction is founded on a claim or right arising under a law of the United

24  States, *i.e.,* the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*) (the

25  "ADA"). (*See* Complaint ¶ 10.)

26      6.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)

27  in that it is filed within thirty (30) days of receipt of the Complaint by any

28  defendant. The date on which Defendant was served was May 24, 2010.

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

NOTICE OF REMOVAL OF STATE COURT
ACTION BY DEFENDANT

7. The territorial coverage of the United States District Court for the Central District of California embraces the county and court in which the State Court Action is now pending. 28 U.S.C. § 84(c). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

8. This removal is authorized by Defendant, the sole, properly-named defendant in this action. Defendant is informed and believes, and on that basis alleges, that none of the Doe defendants in the State Court Action have been named or served. Therefore, it is unnecessary to obtain any other defendant's consent to or joinder in this removal.

9. As required by 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to all other parties to this action and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441(b) and 1446, Defendant hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

Date: June 23, 2010

Respectfully submitted,

EISENBERG RAIZMAN THURSTON & WONG LLP
David H. Raizman
Elena S. Min

By: _Elena Min_
Elena S. Min
Attorneys for Defendant
Anschutz Entertainment Group, Inc.

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., Eleventh Floor
Los Angeles, California 90024

NOTICE OF REMOVAL OF STATE COURT
ACTION BY DEFENDANT

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ANSCHUTZ ENTERTAINMENT GROUP, INC., A Colorado
Corporation, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GILBERT SALINAS

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

## ORIGINAL FILED
MAY 12 2010
LOS ANGELES
SUPERIOR COURT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Compton Superior Court | CASE NUMBER: <br> *(Número del Caso):* TC 024242 |

200 W. Compton Blvd.,
Compton, CA 90220

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Center for Disability Access, 9845 Erma Road, Ste 300, San Diego, CA 92131 (858) 375-7385

DATE: 12, 2010                Clerk, by JOHN A. CLARKE, by T. NAPIER        , Deputy
*(Fecha)*                     *(Secretario)*                                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Anschutz Entertainment Group, Inc, a Colorado Corporation

    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*

4. ☒ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## EXHIBIT A PG 4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Raymond G. Ballister, Jr./ Mark D. Potter 111282/166317<br>Center for Disability Access<br>9845 Erma Road, Ste 300<br>San Diego, CA 92131 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (858) 375-7385 FAX NO.: (888) 422-5191<br>ATTORNEY FOR *(Name):* Plaintiff, GILBERT SALINAS | **ORIGINAL FILED**<br><br>MAY 12 2010<br><br>LOS ANGELES<br>SUPERIOR COURT |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 200 W. Compton Blvd.<br>MAILING ADDRESS: 200 W. Compton Blvd.<br>CITY AND ZIP CODE: Compton, CA 90220<br>BRANCH NAME: | |

| CASE NAME:<br>SALINAS v. ANSCHUTZ ENTERTAINMENT GROUP, INC., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>TC 024242 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [✓] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses

   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*

   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify):* 4 ADA; Unruh; CA Dis; Negl

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 05/07/10

Raymond G. Ballister, Jr.
_____
(TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |
|---|---|---|---|

**EXHIBIT A PG 5**

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

## EXHIBIT A PG 6

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SALINAS V. ANSCHUTZ ENTERTAINMENT GROUP INC., ET AL. | |

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | • A6017  Legal Malpractice | 1., 2., 3. |
| | • A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | • A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | • A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | • A6024  Other Employment Complaint Case | 1., 2., 3. |
| | • A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | • A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | • A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | • A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | • A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | • A6002  Collections Case-Seller Plaintiff | 2., 6. |
| | • A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | • A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | • A6009  Contractual Fraud | 1., 2., 3., 5. |
| | • A6031  Tortious Interference | 1., 2., 3., 5. |
| | • A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | • A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| Wrongful Eviction (33) | • A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | • A6018  Mortgage Foreclosure | 2., 6. |
| | • A6032  Quiet Title | 2., 6. |
| | • A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | • A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | • A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | • A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | • A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | • A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Row labels down left side (vertical): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Judicial Review  Unlawful Detainer

CIV 109 03-04
LASC Approved

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 2 of 4

EXHIBIT A PG 7

| SHORT TITLE: SALINAS V. ANSCHUTZ ENTERTAINMENT GROUP INC., ET AL. | CASE NUMBER BC 02 42 49 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✔ ✗YES  CLASS ACTION? ● ✗ES  LIMITED CASE? ● ✗ES  TIME ESTIMATED FOR TRIAL 3-5 ▢ HOURS/ ☐ DAYS.

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ● ●A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ● ●A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ● ●A6070 Asbestos Property Damage | 2. |
| | | ● ●A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ● ●A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ● ●A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ● ●A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ● ●A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ● ●A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ● ●A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ● ●A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ● ●A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ✔ ●A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ● ●A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ● ●A6013 Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ● ●A6016 Intellectual Property | 2., 3. |

| CIV-109 03-04<br>LASC Approved | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

**EXHIBIT A PG 8**

SHORT TITLE:
SALINAS V. ANSCHUTZ ENTERTAINMENT GROUP INC., ET AL.

CASE NUMBER

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1 as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| 1. 2. 3. 4. 5. 6. 7. 8. 9. 10. | 18400 Avalon Blvd. |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Carson | CA | 90746 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Compton courthouse in the South Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 05/07/10

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form JC 982.2(b)(1).

4. Complete Addendum to Civil Case Cover Sheet form CIV 109 _____ (eff. Date).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

**EXHIBIT A PG 9**

| SHORT TITLE: SALINAS V. ANSCHUTZ ENTERTAINMENT GROUP INC., ET AL. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate (02) | • A6151 Writ - Administrative Mandamus | 2., 8. |
| | | • A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | • A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | • A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | • A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | • A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | • A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | • A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | • A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | • A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | • A6141 Sister State Judgment | 2., 9. |
| | | • A6160 Abstract of Judgment | 2., 6. |
| | | • A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | • A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | • A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | • A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | • A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | • A6030 Declaratory Relief Only | 1., 2., 8. |
| | | • A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | • A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | • A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | • A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | • A6121 Civil Harassment | 2., 3., 9. |
| | | • A6123 Workplace Harassment | 2., 3., 9. |
| | | • A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | • A6190 Election Contest | 2. |
| | | • A6110 Petition for Change of Name | 2., 7. |
| | | • A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | • A6100 Other Civil Petition | 2., 9. |

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

**EXHIBIT A PG 10**

1  CENTER FOR DISABILITY ACCESS
2  RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
   MARK D. POTTER, ESQ., SBN 166317
3  9845 Erma Road, Suite 300
   San Diego, CA 92131-1084
4  (858) 375-7385; Fax (888) 422-5191

   Attorney for Plaintiff, GILBERT SALINAS
5

   **ORIGINAL FILED**

   MAY 12 2010

   LOS ANGELES
   SUPERIOR COURT

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF LOS ANGELES

10

11

12  GILBERT SALINAS,                    ) Case No.:   BC 024249

13              Plaintiff,              ) **COMPLAINT FOR DAMAGES AND**
                                        ) **INJUNCTIVE RELIEF FOR**
14  v.                                  ) **VIOLATIONS OF: AMERICAN'S**
                                        ) **WITH DISABILITIES ACT; UNRUH**
15  ANSCHUTZ ENTERTAINMENT              ) **CIVIL RIGHTS ACT; CALIFORNIA**
    GROUP, INC., A Colorado Corporation,) **DISABLED PERSONS ACT;**
16  and DOES 1 through 100, inclusive,  ) **NEGLIGENCE**

17              Defendants.             ) **DEMAND FOR JURY**

18

19

20

21

22      Plaintiff  GILBERT  SALINA  complains  of  Defendants  ANSCHUTZ
23
    ENTERTAINMENT GROUP, INC., A Colorado Corporation, and DOES 1 through
24
    100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:
25
    **PARTIES:**
26
        **1.** Plaintiff is a California resident with physical disabilities.  He is a T-12
27
    paraplegic. He uses a wheelchair for mobility.
28

                                    -1-

                                 Complaint

2. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Home Depot Center sports complex located at 18400 Avalon Blvd., Carson, California.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 10, inclusive, are ascertained.

**FACTUAL ALLEGATIONS:**

4. The Plaintiff has patronized the Sports Complex on numerous occasions, including on March 26, 2010, to watch soccer games and boxing matches.

5. The Sports Complex is a facility open to the public, a place of public accommodation, and a business establishment.

6. Unfortunately, the Sports Complex presented barriers to persons in wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, relegating wheelchair seating to only one area in the upper tier of the Sports Complex, thus failing to disperse wheelchair seating throughout the stadium, denying patrons with disabilities a choice of admission prices and lines of sight comparable to those for members of the general public.

7. The Plaintiff personally encountered these violations, which violations resulted in difficulty to the Plaintiff and resulted in the Plaintiff being denied full and equal access required by law.

8. Naturally, Plaintiff SALINAS was frustrated, angry and/or vexed as a result

-2-

Complaint

1  of encountering unlawful conditions, violations of his civil rights, and the lack of safe,

2  convenient and accessible facilities. Although these injuries are modest in scope and

3  did not result in any loss of wages or economic damage or medical care or attention, the

4  continued violation of Plaintiff's civil rights by these defendants and the highly

5  unpleasant emotional distress caused by such unlawful treatment is attributable to the

6  actions or inactions of the Defendants and Plaintiff seeks redress from these Defendants

7  for such injury.

8      9. Plaintiff would like to return and patronize the Defendants' Sports Complex

9  but because of Plaintiff's knowledge of the existence of the inaccessible conditions and

10 policies, the Plaintiff is unable to use the Sports complex on a "full and equal" basis

11 until the Sports Complex is brought into compliance with the provisions of the

12 Americans with Disabilities Act Accessibility Guidelines and state accessibility law as

13 pled herein.

14 **I.     FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH
   DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42
15 U.S.C. section 12101, et seq.)

16     10. The Defendants are persons who either own, operate, lease or lease to a

17 place of public accommodation. As such, the Defendants are required to (1) ensure that

18 all construction, alteration, or modification is barrier free and complies with the

19 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of

20 the California Code of Regulations (aka "California Building Code"); and/or (2)

21 remove all existing barriers where such removal is "readily achievable." The

22 Defendants have failed to meet these obligations. The existence of readily achievably

23 removed barriers in violation of the ADAAG and/or California Building Code,

24 including, but not limited to, relegating wheelchair seating to only one area in the upper

25 tier of the Sports Complex, thus failing to disperse wheelchair seating throughout the

26 stadium, denying patrons with disabilities a choice of admission prices and lines of

27 sight comparable to those for members of the general public, is unlawful and has

28 resulted in the Defendants' failure to provide full and equal accommodations,

-3-

Complaint

**__EXHIBIT A PG 13__**

1  advantages, facilities, privileges and/or services to the Plaintiff.

2  **II.    SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

3  **11.** The Defendants are persons who either own, operate, lease or lease to a

4  place of public accommodation or business establishment. As such, the Defendants are

5  required to (1) ensure that all construction, alteration, or modification is barrier free and

6  complies with the Americans with Disabilities Act Accessibility Guidelines

7  ("ADAAG") and Title 24 of the California Code of Regulations (aka "California

8  Building Code"); and (2) remove all existing barriers where such removal is "readily

9  achievable." The Defendants have failed to meet these obligations. The Defendants

10  intended the physical and architectural condition of their property. The existence of

11  *readily achievably removed barriers and barriers in violation of the ADAAG and/or*

12  California Building Code, including, but not limited to, relegating wheelchair seating to

13  only one area in the upper tier of the Sports Complex, thus failing  to disperse

14  wheelchair seating throughout the stadium, denying patrons with disabilities a choice of

15  admission prices and lines of sight comparable to those for members of the general

16  public, is unlawful and has resulted in the Defendants' failure to provide full and equal

17  accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

18  **12.** The acts alleged above, which form the basis of the Plaintiff's discrimination

19  claim, are intentional acts.

20  **III.    THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

22  **13.** The Defendants are persons who either own, operate, lease or lease to a place

23  of public accommodation or a facility open to the public. As such, the Defendants are

24  required to (1) ensure that all construction, alteration, or modification is barrier free and

25  complies with the Americans with Disabilities Act Accessibility Guidelines

26  ("ADAAG") and Title 24 of the California Code of Regulations (aka "California

27  Building Code"); and (2) remove all existing barriers where such removal is "readily

28

-4-

Complaint

achievable." ; The Defendants. have failed to meet these obligations.  The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to,  relegating wheelchair seating to only one area in the upper tier of the Sports Complex, thus failing  to disperse wheelchair seating throughout the stadium, denying patrons with disabilities a choice of admission prices and lines of sight comparable to those for members of the general public, is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

IV.   **FOURTH CAUSE OF ACTION**: NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

14. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the Plaintiff in the running of their Sports Complex.  Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1.  For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

2.  Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000.

-5-

Complaint

1   **3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to

2   42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

3

4   Dated: May 7, 2010                    CENTER FOR DISABILITY ACCESS

5

6                                    By: _____

7                                         RAYMOND G. BALLISTER, JR.
                                          Attorneys for Plaintiff
8

9

10                          **DEMAND FOR JURY TRIAL**

11   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13   Dated: May 7, 2010                    CENTER FOR DISABILITY ACCESS

14

15                                    By: _____

16                                         RAYMOND G. BALLISTER, JR.
                                          Attorneys for Plaintiff
17

18

19

20

21

22

23

24

25

26

27

28

-6-

Complaint

**EXHIBIT A PG 16**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: 200 W. Compton Blvd., Compton, CA 90220 | **ORIGINAL FILED** MAY 12 2010 LOS ANGELES SUPERIOR COURT |
| Plaintiff: | |
| Defendant: | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: TC024249 |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this Notice on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record no later than 30 days prior to the Case Management Conference. This case has been assigned for _all_ purposes to: Hon. ROSE HOM is ___ Your case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/13/10 | Time: 8:30 Am | Div/Dept: A |
|---|---|---|

Pursuant to California Rules of Court, rule 3.725, a completed Case Management Statement (Judicial Council form# CM-110) must be filed at least 15 calendar days prior to the Case Management Conference jointly by all parties/attorneys of record, or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make orders including the following: an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Codes 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360, and 583.410; Government Code section 68608(b), and California Rules of the Court, rule 3.711 and 2.30.

Dated: MAY 12 2010                                T. NAPIER _____ Deputy Clerk

---

**Certificate of Service**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

**John A. Clarke, Executive Officer/Clerk**

Date: MAY 12 2010              by: T. NAPIER _____, Deputy Clerk

**EXHIBIT A PG 17**

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.16, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| --- | --- |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case: Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
| --- | --- | --- | --- | --- | --- |
| Antonovich | 42011 4th St. West | None. | Lancaster, CA 93534 | (661)974-7275. | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 . | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR Information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 1 of 2

**EXHIBIT A PG 19**

DAL-001

## IMPORTANT INFORMATION FOR BUILDING OWNERS AND TENANTS

This form is available in English, Spanish, Chinese, Vietnamese, and Korean through the California Courts Web site. Persons with visual impairments can get assistance in viewing this form through the Web site. The Web site is located at *www.courtinfo.ca.gov.*

Existing law requires that you receive this information because the demand for money or complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places.

### You Have Important Legal Obligations.

Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect. (See *www.dsa.dgs.ca.gov/access/ud_accessmanual.htm.*) Commencing September 1, 2009, information will also be available from the California Commission on Disability Access Web site.

### You Have Important Legal Rights.

You are not required to pay any money unless and until a court finds you liable. Moreover, **receipt of this advisory does not necessarily mean you will be found liable for anything.**

You may wish to promptly consult an attorney experienced in this area of the law to get helpful legal advice or representation in responding to the demand for money or complaint you received. You may contact the local bar association in your county for information on available attorneys in your area. If you have insurance, you may also wish to contact your insurance provider. You have the right to seek assistance or advice about this demand for money or complaint from any person of your choice, and no one may instruct you otherwise. Your best interest may be served by seeking legal advice or representation from an attorney.

If a complaint has been filed and served on you and your property has been inspected by a Certified Access Specialist (CASp; see *www.dsa.dgs.ca.gov/access/casp.htm*), you may have the right to a court stay (temporary stoppage) and early evaluation conference to evaluate the merits of the construction-related accessibility claim against you pursuant to Civil Code section 55.54. At your option, you may be, but need not be, represented by an attorney to file a reply and to file an application for a court stay and early evaluation conference. If you choose not to hire an attorney to represent you, you may obtain additional information about how to represent yourself and how to file a reply without hiring an attorney through the California Courts Web site at *www.courtinfo.ca.gov/selfhelp.* You may also obtain a form to file your reply to the lawsuit, as well as the form and information for filing an application to request the court stay and early evaluation conference, at that same Web site.

If you choose to hire an attorney to represent you, the attorney who sent you the demand for money or complaint is prohibited from contacting you further unless your attorney has given the other attorney permission to contact you. If the other attorney does try to contact you, you should immediately notify your attorney.

Form Approved for Optional Use
Judicial Council of California
DAL-001 [New October 23, 2009]

**IMPORTANT INFORMATION FOR BUILDING OWNERS AND TENANTS**
**(Disability Access Litigation)**

Civil Code, § 55.3
www.courtinfo.ca.gov

## EXHIBIT A PG 20

## NOTICE TO DEFENDANT
### YOU MAY BE ENTITLED TO ASK FOR A STAY (TEMPORARY STOPPAGE) AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT.

If the construction-related accessibility claim pertains to a site that has been inspected by a Certified Access Specialist (CASp) and you have an inspection report for that site, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form are true.

The court will schedule the conference to be held within 50 days after you file the attached application form. The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. At your option, you may be, but need not be, represented by an attorney to file the application to request the early evaluation conference. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at http://www.courtinfo.ca.gov/selfhelp/.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not have an attorney, you will need to file the application within 30 days after you receive the summons and complaint to request the stay and early evaluation conference. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at http://www.courtinfo.ca.gov/selfhelp/. If a plaintiff representing himself or herself hires an attorney after the case is filed, you will have 30 days to file an application for a court stay and early evaluation conference after you receive a Notice of Substitution of Counsel, unless an early evaluation conference or settlement conference has already been held.

You may file the application form without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Civil Code Section 55.55.

**EXHIBIT A PG 21**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:

FOR COURT USE ONLY

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF

DEFENDANT

**DEFENDANT'S APPLICATION FOR STAY & EARLY
EVALUATION CONFERENCE PER CIVIL CODE 55.54**

CASE NUMBER:

1. Defendant (names) _____ requests a stay of proceedings and early evaluation conference pursuant to Civil Code, section 55.54.
2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code, section 55.52(a)(1).
3. The claim concerns a site that (put a check mark if the statement is true)
   a. _____ Has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected to CASp determination pending and, if CASp inspected, have been no modifications completed or commenced since the date of the inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; AND
   b. _____ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

BOTH "a." and "b." must be checked for the court to order a Stay & Early Evaluation Conference.

4. I am requesting the court to:
   a. Stay the proceedings relating to the construction-related accessibility claim.
   b. Schedule and Early Evaluation Conference.
   c. Order Defendant to file a copy of the Certified Access Specialist (CASp) report with the court under seal and serve a cop on the Plaintiff at least fifteen (15) days before the Early Evaluation Conference date, which shall be subject to a protective order.
   d. Order Plaintiff to file the Statement required by Civil Code Section 55.54(d)(5)(A)-(D) with the court and serve a copy of the statement on the Defendant at least fifteen (15) days before the date of the Early Evaluation Conference.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

_____          ▶
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT A PG 22**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):

| | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF

DEFENDANT

| **NOTICE OF STAY & EARLY EVALUATION CONFERENCE**<br>*(CONSTRUCTION-RELATED ACCESSIBILITY CLAIMS)* | CASE NUMBER: |
|---|---|

## STAY OF PROCEEDING

*For a period of 90 days from the date of the filing of this notice, unless otherwise ordered by the court, the parties are stayed from taking any further action relating to the construction-related accessibility claims or claims in this case.*

*This stay does not apply to any construction-related accessibility claim in which the plaintiff has obtained temporary injunctive relief which is in place.*

## NOTICE OF EARLY EVALUATION CONFERENCE

1. *This action includes a construction-related accessibility claim under Civil Code Section 55.52(a)(1) or other provision of law;*

2. *A defendant has requested an early evaluation conference and a stay of proceedings under Civil Code Section 55.54;*

3. *The early evaluation conference is scheduled as follows:*

   a. *Date:*          *Time:*          *Dept:*          *Judge:*

   b. *The conference will be held at ___ (the court address above), or ___ at: _____*

4. *The plaintiff and defendant shall attend with any other person needed for settlement of the case unless a party's disability requires the party's participation by a telephone appearance or other alternative means or through the personal appearance of an authorized representative.*

5. *The defendants who requested the conference and stay of proceedings shall file with the court under seal and serve on all parties a copy of the CASp report for the site that is the subject of the construction-related accessibility claim at least fifteen (15) days before the date set for the early evaluation conference, which shall be subject to a protective order for confidentiality.*

6. *The plaintiff shall file with the court and serve at least fifteen (15) days before the date set for the early evaluation conference a statement providing the following:*
   a. *An itemized list of specific conditions on the subject premises that are the basis of the claimed construction-related accessibility standards in the plaintiff's complaint.*

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT A PG 23**

Cases 2:10-cv-04639-R -MAN   Document 1   Filed 06/23/10   Page 25 of 39   Page ID #:25

*b. The amount of damages claimed;*
*c. The amount of attorney's fees and costs incurred to date, if any, that are being claimed;*
*d. Any demand for settlement of the case in its entirety.*

*7. A copy of this Notice and Order and the Defendant's Application shall be served on the plaintiff or plaintiff's attorney by hand delivering it or mailing it to the address listed on the complaint on the same date that the court issues this Notice and Order of Stay of Proceeding and Early Evaluation Conference.*

Date: _____          Clerk, by _____

*More information about this Notice and Order and the defendant's application and instruction to assist plaintiff and defendant in complying with this Notice and Order may be available at http://www.courtinfo.ca.gov/selfhelp/*

## REQUESTS FOR ACCOMMODATION

*Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the date on which you are to appear. Contact the clerk's office or go to www.courtinfor.ca.gov/forms/ for Requests for Accommodations By Persons with Disabilities and Order (form MC-410) (Civil Code Section 54.8).*

## PROOF OF SERVICE

(Required from Defendant Filing Application for Stay and Early Evaluation Conference)

I served a copy of the defendant's Application for Stay and Early Evaluation Conference Pursuant to Civil Code Section 55.54 and the court Notice and Order of Stay of Proceedings and Early Evaluation Conference.

_____     On the plaintiff's attorney.

By hand delivering it or mailing it to the address listed on the complaint on the day the court issued this Notice and Order of Stay of Proceedings and Early Evaluation Conference.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: _____

_____          _____
Type of Print Name                    Signature

_____
Address of serving person.

## EXHIBIT A PG 24

# EXHIBIT B

06/22/2010               Time Machine 213 482-2939                    1 of 8

1   EISENBERG RAIZMAN THURSTON & WONG LLP
    David H. Raizman (SBN 129407)
2   Christopher F. Wong (SBN 142507)
    Elena S. Min (SBN 235065)
3   10880 Wilshire Boulevard, Eleventh Floor
    Los Angeles, California 90024
4   Telephone: (310) 445-4400
    Facsimile: (310) 445-4410
5   Email: draizman@ertwllp.com
          cwong@ertwllp.com
6           emin@ertwllp.com
7   Attorneys for Defendant
    Anschutz Entertainment Group, Inc.
8

**ORIGINAL FILED**

JUN 2 2 2010

LOS ANGELES
SUPERIOR COURT

9         SUPERIOR COURT OF THE STATE OF CALIFORNIA

10       COUNTY OF LOS ANGELES -- COMPTON COURTHOUSE

11

12   GILBERT SALINAS,               Case No.  TC024249

13           Plaintiff,             [Assigned For All Purposes to the Hon. Rose
                                Hom, Dept. A]
14       v.
                            **DEFENDANT ANSCHUTZ**
15   ANSCHUTZ ENTERTAINMENT GROUP,   **ENTERTAINMENT GROUP, INC.'S**
    INC., A Colorado Corporation, and DOES 1   **ANSWER TO COMPLAINT FOR**
16   through 100, inclusive,               **DAMANGES AND INJUNCTIVE RELIEF**

17         Defendants.             Complaint Filed:  May 12, 2010

18

19                             FILE BY FAX

20

21       Defendant Anschutz Entertainment Group, Inc. ("Defendant"), by and through the

22   undersigned counsel, responds to the allegations in the unverified complaint (the "Complaint")

23   filed by plaintiff Gilbert Salinas ("Plaintiff") as follows:

24                         **GENERAL DENIAL**

25       Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant denies

26   each and every material allegation in the Complaint and further denies that Plaintiff is entitled to

27   any relief as alleged in the Complaint or at all.

28

30054

DEFENDANT'S ANSWER TO COMPLAINT

**EXHIBIT B PG 25**

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

### SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, Defendant alleges all of the following as separate and additional defenses, expressly reserving its rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to it:

### FIRST SEPARATE AND ADDITIONAL DEFENSE

#### (Acts of Third Parties)

1.     The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Plaintiff's injury or injuries, if any, was/were caused by third parties acting outside the scope of Defendant's agency, employment or control.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

#### (Unnecessary and/or Unreasonable Modification)

2.     Plaintiff's causes of action are barred on the ground and to the extent that Plaintiff's requested modifications are not necessary and/or are not reasonable.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

#### (Not Readily Achievable)

3.     Plaintiff's causes of action are barred on the ground and to the extent that removal of the alleged barriers to access is not readily achievable.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

#### (Substantial Compliance)

4.     Plaintiff is not entitled to recover on the causes of action in the Complaint in this action because Defendant has completely or substantially complied with all applicable requirements.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

#### (Pre-Code Construction, Modification)

5.     Defendant is not obligated to remove the barriers alleged in the Complaint to the extent that the structures at issue were constructed and/or modified before the effective date of any

**EXHIBIT B PG 26** —————

law or regulation prohibiting the existence of any such alleged barrier.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (No Injury in Fact)

6. The Complaint, and each purported cause of action alleged in the Complaint, is barred on the ground and to the extent that Plaintiff has experienced no injury in fact with respect to the facts alleged in the Complaint.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Damages – Cal. Civ. Code §§ 52, 54.3(a))

7. Plaintiff is not entitled to recover the damages sought in the Complaint because his admittance to and enjoyment of the facility in question was not denied or interfered with by Defendant.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Duplicative Damages -- Cal. Civ. Code § 54.3(c))

8. Plaintiff is not entitled to recover damages under both Section 52 and Section 54.3 of the California Civil Code for the same act or failure to act.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Plaintiff's Own Acts and/or Omissions)

9. Plaintiff's conduct concerning the matters alleged in the Complaint constitutes carelessness, negligence, misconduct, or bad faith, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused and contributed to, in whole or in part, by the conduct of Plaintiff.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Assumption of Risk)

10. In acting in the manner that he did, Plaintiff unnecessarily assumed the risk that he would suffer the damages sought in this action.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Comparative Negligence or Fault)

11. Plaintiff acted negligently and failed to exercise reasonable and ordinary care,

ELSENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

DEFENDANT'S ANSWER TO COMPLAINT

1   caution and prudence with respect to the matters alleged in the Complaint so as to proximately

2   cause or contribute to the alleged injuries and damages, if any, Plaintiff claims to have sustained,

3   or will sustain. Accordingly, even in the event that it is found that Plaintiff is entitled to recover

4   any amount from Defendant (which Defendant expressly denies), the amount of recovery must be

5   reduced or offset by the amount of damages attributable to the actions and failures of Plaintiff.

<strong>TWELFTH SEPARATE AND ADDITIONAL DEFENSE</strong>

(Failure to Discharge Conditions Precedent)

8      12.     Plaintiff is not entitled to bring and/or recover on this action in that he has failed to

9   discharge each of the conditions precedent to suit, including without limitation a failure to exhaust

10   available administrative remedies.

<strong>THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE</strong>

(Moot)

13      13.     Plaintiff's prayer for relief is moot and/or will be moot by the time this matter is

14   adjudicated.

<strong>FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE</strong>

(Justification/Excuse)

17      14.     The Complaint is barred to the extent the alleged violations of law are excused or

18   justified under the statutes under which Plaintiff has sued.

<strong>FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE</strong>

(Statute of Limitations)

21      15.     The Complaint, and each purported cause of action alleged in the Complaint, is

22   barred to the extent that it relies on events that occurred before the period captured by the running

23   of the applicable statute of limitations.

<strong>SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE</strong>

(Unclean Hands)

26      16.     The Complaint, and each purported cause of action alleged in the Complaint, is

27   barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

28   ///

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

<strong>EXHIBIT B PG 28</strong>      DEFENDANT'S ANSWER TO COMPLAINT

1  ///

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

17.    The Complaint, and each purported cause of action alleged in the Complaint, fails because Plaintiff is estopped from seeking recovery from Defendant because, among other things, Plaintiff has acted in a manner inconsistent with having enforceable rights as against Defendant.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver)

18.    The Complaint, and each purported cause of action alleged in the Complaint, is barred because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate)

19.    Plaintiff is barred from recovering monetary damages on any of the causes of action in the Complaint to the extent that he failed to mitigate or reasonably attempt to mitigate his damages as required by law.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (No Right to Attorneys' Fees – Unreasonably Incurred or Excessive)

20.    Plaintiff is not entitled to recover attorneys' fees from Defendant as alleged in the Complaint.  In the alternative, to the extent that Defendant is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (No Attorneys' Fees – Failure to Satisfy Elements of Statute)

21.    Plaintiff is not entitled to recover attorneys' fees for failure to satisfy the necessarily elements of prevailing on a claim for attorneys' fees under the statutes alleged.

///

///

**EXHIBIT B PG 29**

DEFENDANT'S ANSWER TO COMPLAINT

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.   That Plaintiff take nothing by reason of his Complaint;

2.   That Defendant be awarded judgment in this action and the Complaint be dismissed with prejudice;

3.   For reasonable attorneys' fees and costs of suit herein incurred; and

4.   For such other and further relief as the Court may deem just and proper.

Dated: June 22, 2010          Respectfully submitted,

EISENBERG RAIZMAN THURSTON & WONG LLP
David H. Raizman
Elena S. Min

By: _Elena Min_____
          Elena S. Min

Attorneys for Defendant
Anschutz Entertainment Group, Inc.

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

**EXHIBIT B PG 30**

DEFENDANT'S ANSWER TO COMPLAINT

## PROOF OF SERVICE BY MAIL/FAX/FEDERAL EXPRESS

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

On June 22, 2010, I served the foregoing document, described as **DEFENDANT ANSCHUTZ ENTERTAINMENT GROUP, INC.'S ANSWER TO COMPLAINT FOR DAMANGES AND INJUNCTIVE RELIEF**, on each interested party in this action, as follows:

### SEE ATTACHED LIST

☒ (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at EISENBERG RAIZMAN THURSTON & WONG LLP in Los Angeles, California. I am readily familiar with EISENBERG RAIZMAN THURSTON & WONG LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ (BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (310) 445-4410 to each interested party at the facsimile number shown in the service list. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served. A true copy of each such transmission report is attached hereto.

☐ (BY FEDERAL EXPRESS) I deposited in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the interested parties at the address shown above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 22, 2010, at Los Angeles, California.

_Mary Avila_

Mary Avila

**EXHIBIT B PG 31**

DEFENDANT'S ANSWER TO COMPLAINT

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

## SERVICE LIST

| Persons Served | Parties Represented |
|---|---|
| Raymond G. Ballister, Jr., Esq.<br>Mark D. Potter, Esq.<br>Center for Disability Access<br>9845 Erma Road, Suite 300<br>San Diego, California 92131-1084 | Attorneys for Plaintiff Gilbert Salinas |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

**EXHIBIT B PG 32**

DEFENDANT'S ANSWER TO COMPLAINT

**PROOF OF SERVICE BY MAIL/FAX/FEDERAL EXPRESS**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

On June 23, 2010, I served the foregoing document, described as **NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. §§ 1331, 1441(B) AND 1446 BY DEFENDANT**, on each interested party in this action, as follows:

**SEE ATTACHED LIST**

☒      (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at EISENBERG RAIZMAN THURSTON & WONG LLP in Los Angeles, California. I am readily familiar with EISENBERG RAIZMAN THURSTON & WONG LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐      (BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (310) 445-4410 to each interested party at the facsimile number shown in the service list. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served. A true copy of each such transmission report is attached hereto.

☐      (BY FEDERAL EXPRESS) I deposited in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☒      (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 23, 2010, at Los Angeles, California.

_____
Mary Avila

NOTICE OF REMOVAL OF STATE COURT
ACTION BY DEFENDANT

## SERVICE LIST

| Persons Served | Parties Represented |
|---|---|
| Raymond G. Ballister, Jr., Esq.<br>Mark D. Potter, Esq.<br>Center for Disability Access<br>9845 Erma Road, Suite 300<br>San Diego, California 92131-1084 | Attorneys for Plaintiff Gilbert Salinas |

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

**34**

NOTICE OF REMOVAL OF STATE COURT
ACTION BY DEFENDANT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 4639 R  (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
GILBERT SALINAS

**DEFENDANTS**
ANSCHUTZ ENTERTAINMENT GROUP, INC., a Colorado corporation, and
DOES 1 through 100, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Center for Disability Access; Raymond G. Ballister, Jr. and Mark D. Potter
9845 Erma Road, Suite 300, San Diego, CA 92131
Telephone: (858) 375-7385

Attorneys (If Known)
Eisenberg Raizman Thurston & Wong LLP
David H. Raizman, Christopher F. Wong, and Elena S. Min
10880 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90024
Telephone: (310) 445-4400

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ precise amount unknown

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges discriminatory practices in public accommodations in violation of the Americans with Disabilities Act (42 U.S.C. sec. 12101, et seq.).

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Acco-mmodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☒ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE / PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV10 4639

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)

CIVIL COVER SHEET

Page 1 of 2

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown | Unknown |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Colorado |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Elena Min*         Date June 23, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |